UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WESLEY G. THORN,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Defendants | Civil Action No. 04-1185 (RJL) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss or for summary judgment. Having considered the defendants' motion, plaintiff's opposition, and the record of this case, the Court will grant summary judgment for defendant.

### I. BACKGROUND

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff submitted a lengthy request for information to the United States Department of Justice ("DOJ").[1] Def.'s Mot., Attach. ("Luczynski Decl."), ¶ 4 & Ex. A (FOIA Request dated May 3, 2004). Generally, plaintiff sought information pertaining to federal judges who "ignored" the Sentencing Guidelines, and statistical information pertaining to prosecutions after the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*,

---

[1] Because only a federal government agency is subject to the FOIA, *see* 5 U.S.C. §§ 551(1), 552(f)(1), the Court deems DOJ the sole party defendant to this action.



535 U.S. 234 (2002).[2] *Id.* He also requested a waiver of fees associated with DOJ's response to his request. *Id.*, Ex. A. DOJ divided plaintiff's requests into two parts, forwarding one to the Office of the Director of the Executive Office for United States's Attorneys ("EOUSA"), and the other to the EOUSA's Data Analysis component ("Data Analysis").[3] *Id.*, ¶¶ 5-6, 9.

A. Request No. 04-2741

The EOUSA's search for records yielded approximately 250 pages of documents responsive to plaintiff's request. Luczynski Decl., ¶ 6 & Ex. D. In its October 29, 2004 letter to plaintiff, the EOUSA notified plaintiff of the decision to deny his fee waiver request. Luczynski Decl., ¶ 7 & Ex. D. The letter explained that plaintiff was responsible for payment of search fee of $28, and that he was expected to pay a copy fee of $.10 per page released to him.[4] *Id.*, Ex. D. Although payment was not demanded immediately, the agency notified plaintiff that work would not proceed on his request until he either agreed to pay the anticipated fees, or modified his request in an

---

[2] In *Free Speech Coalition*, the Supreme Court held that portions of the Child Pornography Prevention Act of 1996, *see* 18 U.S.C. §§ 2256(8)(B), (D), are overbroad and unconstitutional.

[3] Defendant's motion discusses a third FOIA request, No. 04-3157, for records pertaining to the *Free Speech Coalition* case. *See* Luczynski Decl., ¶¶ 12-15 & Ex. I-K. Neither the motion nor supporting declaration describes the request itself, and no copy of the request is a part of the record of this case. It is not clear whether or how this request is relevant to the agency's handling of plaintiff's May 3, 2004 FOIA request. It appears to be beyond the scope of this litigation, and the Court will not address it further. If, however, Request No. 04-3157 is the same Request No. 2741, defendants' arguments for dismissal or for summary judgment apply equally.

[4] DOJ does not charge search fees for the first two hours, and does not charge copy fees for the first 100 pages of documents released. *See* 28 C.F.R. § 16.11(d)(3).

2

attempt to reduce fees, or withdrew the request. *Id.* Finally, the Director informed plaintiff of his opportunity to appeal the agency's initial determination to the DOJ's Office of Information and Privacy ("OIP"). *Id.* Because plaintiff failed to respond within the 20 days allotted, the EOUSA closed the case. *Id.*, Ex. E.

### B. Request No. 04-2742

The Data Analysis component's search yielded no responsive records, and the agency so notified plaintiff by letter dated August 20, 2004. Luczynski Decl., ¶ 11 & Ex. G-H. The letter further informed plaintiff of his opportunity to appeal the agency's initial determination to the OIP. *Id.*

In the First Amended Complaint [Dkt. #11], plaintiff alleges that DOJ denied his May 3, 2004 FOIA request. *See* Amd. Compl. at 2-3. He challenges the agency's decision to deny his fee waiver request, and its alleged refusal to release the requested records. *Id.* at 3.

## II. DISCUSSION

### A. *Standard of Review*

Defendants move to dismiss the complaint on the ground that Plaintiff failed to exhaust his administrative remedies. Because the Court considered matters outside of the pleadings that the parties presented in support of their respective positions, the Court treats this motion as one for summary judgment. *See* Fed. R. Civ. P. 12(b).

Summary judgment must be granted if the movant shows, when the facts are viewed in the light most favorable to the non-movant, that there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56(c). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996).

### B. Plaintiff Failed to Exhaust his Administrative Remedies

A requester may seek judicial review of his FOIA request only after having exhausted all administrative remedies. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). A FOIA suit is subject to dismissal for lack of subject matter jurisdiction if a plaintiff fails to exhaust administrative remedies. *See Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

An agency may assess fees for the search for and duplication of documents requested under FOIA, and may require advance payment before processed records are released. 5 U.S.C. § 552(a)(4)(A); *see* 28 C.F.R. § 16.11 (2001). "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. Dep't of Army*, 920 F.2d at 66; *see also Trueblood v. Dep't of the Treasury*, 943 F.Supp. 64, 68 (D.D.C. 1996). Commencement of a civil action pursuant to FOIA does not relieve a requester of his

obligation to pay any required fees. See *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995).

With respect to Request No. 04-2741, DOJ notified plaintiff by letter dated October 29, 2004 of the denial of his fee waiver request. In addition, DOJ advised him that fees would be charged, and advised him of his options for proceeding. After allowing plaintiff 15 days to respond, DOJ closed the case administratively. Plaintiff did not file an appeal with OIP. Thus, plaintiff failed to exhaust his administrative remedies with respect to Request No. 04-2741. Similarly, when plaintiff failed to challenge the Data Analysis component's "no records" response by submitting a written appeal to OIP, he failed to exhaust his administrative remedies with respect to Request No. 04-2742.

Plaintiff opposes defendant's motion, asserting that he filed an administrative appeal. See Pl.'s Opp. at 2-3. The Court presumes that plaintiff is referring to his June 17, 2004 letter addressed to the Attorney General. See Pl.'s Mot. for Leave of the Court to File Amd. Compl. [Dkt. #8], Ex. B. In the letter, plaintiff purports to appeal what he believed was the agency's denial of his May 3, 2004 request. It is not a proper appeal.

If a requester is dissatisfied with a DOJ component's response to his request, he must submit a written appeal of an adverse determination to the Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington, DC 20530-0001, within 60 days of the date of the letter denying the request. 28 C.F.R. § 16.9(a). Plaintiff's letter to the Attorney General does not comply with the DOJ's established procedures for pursuing an appeal.

## III. CONCLUSION

Because plaintiff neither paid required fees in connection with his FOIA request, nor appealed the initial agency determinations to the OIP, he has not exhausted his administrative remedies. Defendants have shown that there is no genuine issue of material fact on the question of exhaustion, and that they are entitled to judgment as a matter of law. Accordingly, the Court will grant summary judgment for defendants. An Order consistent with this Memorandum Opinion will be issued separately on this dame date.

_____
RICHARD J. LEON
United States District Judge

DATE: 8/9/05